Justice Ingrid Gustafson delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 Sarah Jess Hurt (Sarah) appeals from the Findings of Fact, Conclusions of Law and Order issued January 26, 2018, by the Sixth Judicial District Court, Park County, which establish a parenting plan which provides for each parent to parent their child, V.M.D., on a 50/50 basis with exchanges occurring Sundays at 5:30 p.m. We affirm.
¶ 3 Sarah and Adam Dunlap (Adam) are the parents of V.M.D., currently 6 years old. In 2015, Sarah's and Adam's relationship deteriorated. After they separated, the situation became more contentious and Adam brought an action to establish a parenting plan. Following interim proceedings and hearing on the petition to establish a parenting plan, the District Court entered its order establishing a parenting plan which provides for the parties to parent on a 50/50 basis. Sarah contends the District Court erred when it determined such a plan to be in the best interests of V.M.D. Adam asserts the District Court thoroughly considered the evidence presented and appropriately established a parenting plan which is in V.M.D.'s best interests.
¶ 4 We review a district court's findings establishing a parenting plan under the clearly erroneous standard. In re Marriage of Williams , 2018 MT 221, ¶ 5, 392 Mont. 484, 425 P.3d 1277 (citation omitted). We review a district court's conclusions of law to determine if they are correct. In re the Parenting of C.J. , 2016 MT 93, ¶ 12, 383 Mont. 197, 369 P.3d 1028 (citation omitted). A district court has broad discretion when considering the parenting of a child, and we must presume the court carefully considered the evidence and made the correct decision. Accordingly, absent clearly erroneous findings, we will not disturb a district court's decision regarding parenting plans unless there is a clear abuse of discretion. Parenting of C.J. , ¶ 13 (citations omitted).
¶ 5 Upon review of the record, we find no error by the District Court. The District Court appropriately set forth the purpose and objectives of a final parenting plan as provided by § 40-4-233, MCA. The court then thoroughly and conscientiously considered the best interest factors set forth in § 40-4-212, MCA, to determine V.M.D.'s best interests. The testimony presented together with the report of the guardian ad litem, Douglas B. Fry, support the detailed findings made by the District Court. The District Court appropriately followed Montana's statutes and well-settled precedent in its findings and conclusions. See §§ 40-4-211 through -213, -215, and -233, MCA, and Marriage of Williams , ¶ 5. Thus, we conclude the District Court's findings of fact are not clearly erroneous and its conclusions of law are correct.
¶ 6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.
¶ 7 Affirmed.
We concur:
MIKE McGRATH, C.J.
LAURIE McKINNON, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.